UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN R. MOSBY,

                Petitioner,              Case No. 2:18-cv-12653
                                                        Hon. Mark A. Goldsmith

v.

KEVIN LINDSEY,

                Respondent.
_____/

**OPINION & ORDER**
**GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE (Dkt. 9) AND**
**ADMINISTRATIVELY CLOSING CASE**

Calvin R. Mosby, ("Petitioner"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Wayne Circuit Court convictions for one count of first-degree murder, two counts of assault with intent to commit murder, felon in possession of a firearm, and commission of felony with a firearm. The case involves the death of an eight-year-old child who was shot and killed while he slept in his bed when shots were fired at his home.

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); see Picard v. Connor, 404 U.S. 270, 275-278 (1971). Petitioner asserts that he presented five claims on direct appeal in the Michigan Court of Appeals following his conviction. Both the Michigan Court of Appeals and the Michigan Supreme Court denied relief on direct appeal. People v. Anderson, Nos. 327732, 328134 (Mich. Ct. App. Nov. 10, 2016); People v. Mosby, 895 N.W.2d 524 (Mich. 2017).

Petitioner states that he has an additional nine claims, among them claims challenging the effectiveness of his trial and appellate counsel. He requests that the Court stay the case while he pursues state post-conviction review with respect to his new claims.

A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In Rhines, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. at 278. The Rhines decision concerned a mixed habeas petition; that is, the petition presented both claims that had been properly exhausted in state court and claims that had not. Id. at 272-273. The petition at issue in this case raises only exhausted claims. While Rhines did not address staying fully exhausted petitions, courts in this district have held that a court may stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. See, e.g., Thomas v. Stoddard, 89 F. Supp. 3d 937 (E.D. Mich. 2015).

Petitioner's new claims raise cognizable constitutional issues upon which habeas relief may be granted. Beyond that, the Court cannot evaluate the merits of these claims. It is best that the claims be first addressed and decided by the state courts, which may conduct an evidentiary hearing or otherwise allow Petitioner to supplement the record in accordance with state law. The Court anticipates no prejudice to Respondent in staying the petition, and indeed Respondent has not filed

any opposition to Petitioner's motion. Further, if the Court denied the stay and decided the petition before Petitioner completes state-court collateral review, Petitioner would need to satisfy a very high burden to receive authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(2). Petitioner also has alleged good cause for failure to exhaust his state court remedies. He alleges that appellate counsel was ineffective for failing to raise these issues on direct appeal, which raises a claim of constitutional magnitude. Further, outright dismissal of the petition could jeopardize the timeliness of a future petition because only days remained on the applicable one-year limitations period when the case was filed.

The Court holds the petition in abeyance. Petitioner must exhaust his new claim in state court by filing a motion for relief from judgment in the Wayne Circuit Court within 60 days of the date of this order, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. Wagner v. Smith, 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014).

It is ordered that the motion to stay is granted and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Sitto v. Bock, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Dated: July 26, 2019                        s/Mark A. Goldsmith
       Detroit, Michigan               MARK A. GOLDSMITH
                                                         United States District Judge